ALLAN S. BLOOM
STEPHEN P. SONNENBERG
EMILY R. PIDOT
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Defendants*
HSBC BANK USA, N.A. and HSBC USA INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILLY TZEWA MUI, *et al.*,<br><br>                Plaintiff,<br><br>- against -<br><br>HSBC BANK USA, N.A. and<br>HSBC USA INC.,<br><br>                Defendants. | No. 12 Civ. 0961 (BSJ) (HP)<br><br>**ANSWER AND**<br>**AFFIRMATIVE DEFENSES** |

Defendants HSBC Bank USA, N.A. and HSBC USA Inc. ("Defendants"), through their undersigned counsel, Paul Hastings LLP, hereby answer the First Amended Class and Collective Action Complaint dated March 26, 2012 ("Complaint") and filed herein by Plaintiff Billy Tzewa Mui ("Plaintiff") as follows:

    1.    Defendants deny the allegations in Paragraph 1 of the Complaint.

    2.    Defendants deny the allegations in Paragraph 2 of the Complaint.

    3.    Defendants admit that the Court has jurisdiction over Plaintiff's Fair Labor Standard Act ("FLSA") claims but deny that the Court has jurisdiction over Plaintiff's New York

Labor Law claims and believe that the Court should decline to exercise jurisdiction of those state claims.

4.  Defendants admit the allegations in Paragraph 4 of the Complaint.

5.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 5 of the Complaint.

6.  Defendants admit that HSBC Bank USA, N.A. is a national association but deny the remainder of the allegations in Paragraph 6 of the Complaint.

7.  Defendants admit that HSBC USA Inc. is a Maryland corporation and that it does business in New York but otherwise deny the allegations in Paragraph 7 of the Complaint.

8.  Defendants deny the allegations in Paragraph 8 of the Complaint.

9.  Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint, but admit that Plaintiff performed work directly related to the management or general business operations of Defendants or their customers.

11. Defendants admit that Plaintiff purports to bring claims for relief as a collective action on behalf of himself and the "FLSA Collective Plaintiffs" as described in the Complaint but deny that collective treatment is appropriate and otherwise deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint and deny that the issuance of notice pursuant to 29 U.S.C. § 216(b) is appropriate.

14. Defendants admit that Plaintiff purports to bring claims for relief as a class action on behalf of himself and the class as described in the Complaint but deny that class treatment is appropriate and otherwise deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint; deny that certification of a class is appropriate; and deny that the issuance of notice pursuant to Federal Rule of Civil Procedure ("FRCP") 23 is appropriate.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in the first sentence of Paragraph 18 of the Complaint and lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the paragraph.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit that during his employment, Plaintiff was paid on a salary basis of $35,000 per year but deny the remainder of the allegations in Paragraph 23 of the Complaint.

24. Defendants admit that as a Branch Relationship Manager, Plaintiff's duties included work such as collecting and analyzing information regarding customers' income, assets, investments or debts; determining which financial products and services best meet the customers' needs and financial circumstances; advising the customers regarding the advantages

and disadvantages of different financial products and services; and marketing, servicing or promoting Defendants' financial products and services, and otherwise deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny that Plaintiff worked more than 40 hours per week and therefore that he was entitled to any overtime pay when he worked as a non-exempt employee, and otherwise deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 31, above, as if fully set forth herein.

33. Defendants admit the allegation in the first sentence of Paragraph 33 of the Complaint but are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph.

34. Defendants admit that they or one of them employed Plaintiff but deny the remainder of the allegations in Paragraph 34 of the Complaint.

35. Defendants admit the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint to the extent Plaintiff is referring to non-exempt employees, but admit that they did not have a practice of paying overtime to exempt employees, including Plaintiff.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants admit that they maintain the records required by law to be maintained but otherwise deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 43, above, as if fully set forth herein.

45. Defendants admit that they or one of them employed Plaintiff but deny the remainder of the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny that Plaintiff or the individuals he seeks to represent are entitled to any of the relief set forth in the "WHEREFORE" paragraph of the Complaint and all subparts thereof.

51. Except as expressly admitted herein, Defendants deny each and every allegation set forth in the Complaint and deny that Plaintiffs are entitled to any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief and the claims of any individual Plaintiff seeks to represent are or may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of any individual Plaintiff seeks to represent are barred to the extent they were not filed within the applicable statutes of limitations, including under 29 U.S.C. § 255(a).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff and the individuals he seeks to represent were exempt from the overtime laws for some or all of their employment.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Some or all of the time that Plaintiffs and the individuals he seeks to represent claim to have worked is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred to the extent the time periods for which they are claiming entitlement to compensation fall within a *de minimis* exception to the applicable laws.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the individuals he seeks to represent have been paid all monies that they are owed by Defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred to the extent covered by a prior compromise or release of claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any act or omission complained of on the part of Defendants was undertaken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, or interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of such agency.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendants had reasonable grounds for believing that any act or omission complained of on their part was not a violation of the FLSA.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent they are found to have violated any wage payment provisions of the New York Labor Law, Defendants had a good faith basis to believe that such underpayment of wages was in compliance with the law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy any of the requirements for certification of a class under FRCP 23.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated to some or all of the individuals he seeks to represent for purposes of the FLSA.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

In the event that the Court certifies a class in this matter, Defendants incorporate by reference and reallege all of their defenses to Plaintiff's individual claims in response to the claims of each class member.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any punitive damages, and any allegations in support of a claim for punitive damages should be stricken because any award of punitive damages in this action would violate Defendants' constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert such other additional affirmative defenses that may become known to them through discovery.

Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

WHEREFORE, Defendants pray for judgment as follows:

(1) Dismissing the Complaint, and Plaintiff's claims therein, with prejudice and in their entirety;

(2) Denying collective action status and class action status;

(3) Denying each and every prayer of the Complaint;

(4) Entering judgment against Plaintiff and in favor of Defendants;

(5) Awarding Defendants their costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(6) Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 20, 2012

PAUL HASTINGS LLP

By: Allan S. Bloom
Stephen P. Sonnenberg
Emily R. Pidot
75 East 55th Street
New York, New York 10022
(212) 318-6000
allanbloom@paulhastings.com
stephensonnenberg@paulhastings.com

*Attorneys for Defendants*
HSBC BANK USA, N.A. and HSBC USA INC.