**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BILLY TZEWA MUI,
on behalf of himself, FLSA Collective
Plaintiffs and the Class

**Plaintiff,**

**Case No.** 12-cv-0961

**-against-**

HSBC BANK USA, N.A. and
HSBC USA INC.,

**Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**CONDITIONAL COLLECTIVE CERTIFICATION**




C. K. Lee, Esq.
Kraselnik & Lee, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

# **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ................................................................. 5

II.  BACKGROUND .................................................................................... 6

III. ARGUMENT......................................................................................... 7

    A.   EARLY NOTICE TO "SIMILARLY SITUATED" EMPLOYEES
        IS APPROPRIATE AND NECESSARY ............................................... 7

        i.   Sending Expedited Notice to "Similarly Situated" Employees
            Fulfills the FLSA's Broad Remedial Purposes ................................ 8

    B.   THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION
        AND ORDER NOTICE ....................................................................... 9

        i.   The Standard for Conditional Certification and Notice Is
            Lenient ........................................................................................... 9

        ii.  The Underlying Merits of the Case are Immaterial to the
            Determination of Conditional Certification and Notice .............. 11

        iii. Plaintiffs Have Made the Modest Factual Showing Required
            for Conditional Certification....................................................... 12

    C.   DISCOVERY OF NAMES, ADDRESSES, AND TELEPHONE
        NUMBERS IS PROPER AND NECESSARY UNDER § 216(b) ...................... 13

    D.   THE PROPOSED NOTICE IS FAIR AND ADEQUATE ................... 13

IV.  CONCLUSION...................................................................................... 14

2

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Anglada v. Linens n' Things, Inc.*,
No. 06 Civ 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007)....................................9

*Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975) ...................................7

*Cook v. United States*, 109 F.R.D. 81, 83 (F.D.N.Y. 1995).................................................8

*Cuzco v. Orion Builders, Inc.,* 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007)..................................7

*Dumitrescu v. Mr. Chow Enters., Ltd.*,
No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) ....................11

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)..........................7

*Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000) ............8

*Gjurovich v. Emmanuel's Marketplace* 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003) ..........................9

*Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008)..10

*Hoffmann v. Sharro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997)..........................................9

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ............................................7

*Iglesias-Mendoza v. l.a Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ..........................8

*Khalil v. Original Homestead Rest., Inc.*,
No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at "3 (S.D.N.Y. Aug. 9, 2007) .........................11

*Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (F.D.N.Y. 2008).............................12

*Lee v. ABC Carpet & Homes*, No. 00 Civ. 0984, 2008 U.S. Dist. LEXIS 38725, at *3-4 (May 9,2008)...................13

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).........................12

*Masson v. Ecolab, Inc.,* No. 04 Civ. 4488 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005)............11

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS 30321, at *15 (S.D.N.Y. Nov. 30, 2005) .10

*Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)................................9

*Patton v. Thomson Corp.*, 264 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) ................................8

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) ....................................10

*Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007) ...........................13

*Sipas v. Sammy's Fishbox, Inc.*,
No, 05 Civ. 10319, 20416 U.S. Dist. LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006).....................11

*Toure v. Cent. Parking Sys. Of N.Y.*,
No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *8 (S.D.N.Y. Sept. 28. 2007)....................8

*Young v. Cooper Cameron Corp.*. 229 F.R.D. 50, 54 (S.D.N.Y; 2005) ..................................................12

*Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7, 2001) ...............11

**STATUTES**

29 U.S.C. § 216(b).................................................................................................................7,8,11,12,13,14

29 U.S.C. § 207(a)...............................................................................................................................6

29 U.S.C. § 255 ...................................................................................................................................8

29 U.S.C. § 256(b)................................................................................................................................8

# I.     PRELIMINARY STATEMENT

On February 7, 2012, Plaintiff BILLY TZEWA MUI filed this lawsuit against HSBC BANK USA, N.A. and HSBC USA INC., (together,"HSBC" or "Defendants") seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law. The Complaint was amended on March 26, 2012. Plaintiff brings the FLSA claim on behalf of himself and all Consumer Bankers, Branch Relationship Bankers, Personal Bankers, Premier Relationship Bankers, and Business Banker employed by Defendants ("Covered Employees"). The Complaint alleges, among other violations, that Defendants failed to pay Covered Employees the proper overtime premium under the FLSA and New York Labor Law ("NYLL").

By this motion, Plaintiff seeks the following:

(1)     Conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 2 16(b).[1]

(2)     Court-facilitated notice of this FLSA action to Covered Employees, including a consent form (or opt-in form) as authorized by the FLSA.

(3)     Approval of the proposed FLSA notice of this action and the consent form.

(4)     Production of names, last known mailing addresses, alternate addresses, telephone numbers, and dates of employment of all Covered Employees.

(5)     Posting of the Notice, along with consent forms, in a conspicuous location at each of the "HSBC" branches operated by Defendants throughout New York State.

---

[1] Plaintiffs do not currently seek class certification of their state law claims under Fed. R. Civ. P. 23 ("Rule 23").

## II.    BACKGROUND

HSBC Bank USA, N.A. is a national association operating as the American subsidiary of UK-based HSBC Holdings, plc, one of the largest financial institutions in the world. HSBC USA INC. is a company organized under the laws of Maryland and doing business in New York.  At any given time, there were at least 50 Covered Employees employed by Defendants throughout New York State.

In or about July 2007, Plaintiff Billy Tzewa Mui, was hired by Defendants to work as a Consumer Banker at Defendants' Retail banking branch located at 5515 8th Avenue, Brooklyn, NY 11220. After in or about September 2010, he became a Branch Relationship Manager. Plaintiff Mui's employment with Defendants ended on or about to October 21, 2011. When Plaintiff was employed by Defendants, his regular working hours exceeded forty hours per week. Plaintiff's job duties required him to sell certain financial products to HSBC's retail customers at his branch location. Such job duties were the same as Covered Employees. At no time was Plaintiff responsible for supervising any other employee.

During Plaintiff's employment with Defendants, he was paid on annual salary basis and was not paid overtime at the rate of time-and-one half for every hour he worked over forty hours in a workweek. Other Covered Employees worked similar hours and also were not paid for any overtime worked.

Absent an exemption, the FLSA requires an employer to pay an employee for hours in excess of forty hours a week at "not less than one and one-half times the regular rate." 29 U.S.C. § 207(a)(1).  In the instant case, Plaintiff and Covered Employees are owed (i) their overtime pay (ii) liquidated damages and (iii) attorneys fees and expenses.

### III.   ARGUMENT

To protect putative collective action members' tights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all Covered Employees.   Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. They all worked as Consumer Bankers, Branch Relationship Bankers, Personal Bankers, Premier Relationship Managers and Business Bankers, who engaged in inside sales activities with retail clients for Defendants, and they were not paid their overtime premium. Thus, they "together were victims of a common policy or plan that violated the law," *Cuzco v. Orion Builders, Inc.,* 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

### A.   EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

The FLSA contemplates the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of the minimum wage and overtime compensation. 29 U.S.C. § 216(b).  Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

**i.**     Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes

Expedited notice is critical in FLSA actions.  Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt in") to be covered by the suit. 29 U.S.C. § 216(b).  The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256(b).  To insure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs.  *Hoffmann-La Roche*, 493 U.S. at 170.  Notice to putative class members should be given as soon as possible since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by."  *Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see also Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1995) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (internal quotation marks and citation omitted).  Thus early distribution of a notice of pendency is crucial in an FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure v. Cent. Parking Sys. Of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *8 (S.D.N.Y. Sept. 28. 2007) (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007)  ("The court is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 264 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the [FLSA]'s broad remedial purpose. . . promot[e] efficient case management . . [and] preserve and

effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffmann v. Sharro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice.  To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management").  In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g., Gjurovich v. Emmanuel's Marketplace* 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003).

### B.   THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE

#### i.   The Standard for Conditional Certification and Notice Is Lenient

"Courts generally determine the appropriateness of class certification at two stages:  first, on the initial motion for conditional class certification, and second, after discovery."*Fasanelli*, 516 F. Supp. 2d at 321.  At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff."  *Anglada v. Linens n' Things, Inc.*, No. 06 Civ 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007) *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007).  Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza*, 239 F.R.D. at 367 (internal quotation omitted).  Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, Plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated." Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted) (emphasis in original). Plaintiff must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (internal quotation omitted, alterations in original); *see also Mentor*, 246 F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at 321.  Plaintiffs meet their burden where putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee v. ABC Carper & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations." *Fasanelli,* 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); Cuzco, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza*, 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'") (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N:Y. 1998)); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS 30321, at *15 (S.D.N.Y. Nov. 30, 2005) (plaintiffs face only a very limited burden); *Hoffinann*, 982 F. Supp. at 261 ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated.").

Allegations in the pleadings and declarations are sufficient to make this modest factual showing. *See, e.g., Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist.

LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Sipas v. Sammy's Fishbox, Inc.*, No, 05 Civ. 10319, 20416 U.S. Dist. LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006) (certifying collective action based upon complaint and three affidavits); *Mazur*, 2005 U.S. Dist. LEXIS 30321, at *17-18 (finding three affidavits sufficient to order notice to employees in seven classifications who worked for four different corporations); *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 U.S. Dist. LEXIS 30321, at *12 (internal quotation omitted); *see also Masson v. Ecolab, Inc.,* No. 04 Civ. 4488 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005). The lenient standard for certification and notice under §216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated — which requires a more 'stringent' inquiry — is made later in the litigation process, after more thorough discovery." *Gjurovich*, 282 F. Supp. 2d at 105; *see also Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more rigorously").  Plaintiff in this case has easily met the lenient standard for certification and notice at this early, pre-discovery stage.

### ii.   The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice

Although Plaintiff is confident that he will successfully establish that Defendants failed to properly compensate the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "[T]he standard in this circuit is clear; the

merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g., Mentor,* 246 F.R.D. at 181 (stating that "the merits of a plaintiffs claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli,* 516 F. Supp. 2d at 322 ("To the extent' that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintained an "illega1 off-the-clock" policy, "illegal tip retention" policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of' the case."); *Toure,* 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated") *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y, 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp..* 229 F.R.D. 50, 54 (S.D.N.Y; 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are "similarly situated"); *Hoffmann,* 982 F, Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here.").  Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]"  *Anglada,* 2007 U.S. Dial. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiffs is similarly situated based on the pleadings and any affidavits," *Fasaneili,* 516 F. Supp. 2d at 321.

### iii.   Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification

Here, Plaintiff has made far more than a modest factual showing that he and Covered Employees are similarly situated. Plaintiff's detailed allegations in the Complaint and declaration show that all Covered Employees were subject to the same compensation scheme.  If proven,

these allegations establish that Defendants maintain illegal policies and practices that similarly affect all customer bankers and branch relationship managers employed by Defendants.

## C.    DISCOVERY OF NAMES, ADDRESSES, AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of names and contact information of potential collective members. *E.g., Lee*, 236 F.R.D., at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637; *Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268.  "Courts within this Circuit routinely grant plaintiffs' motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within ten days of its Order a computer-readable list of all Covered Employees who were employed by Defendants at any point in the six years prior to the entry of the Order with the following information: name, last known mailing address, alternate address (if any), all known telephone numbers, and dates of employment.

## D.    THE PROPOSED NOTICE IS FAIR AND ADEQUATE

Attached as Exhibit 1 to the Declaration of C.K. Lee is Plaintiff's proposed judicial notice.  The proposed notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action.   The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the that court" *Lee v. ABC Carpet & Homes*, No. 00 Civ. 0984, 2008 U.S. Dist. LEXIS 38725, at *3-4 (May 9, 2008); *see also Gjurovich*, 282 F. Supp. 2d at 106.  "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts

consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court conditionally certify his FLSA claim as a collective action, approve notice to be sent to all Covered Employees, allow access to Plaintiff for posting of such notice in each branch operated by Defendants during regular business hours and order Defendants to produce the names, addresses, and telephone numbers of all Covered Employees.

Dated: New York, New York

April 27, 2012

By:/s/ C.K. Lee
C. K. Lee, Esq.
Kraselnik & Lee, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
212-465-1188 (tel)
212-465-1181 (fax)
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs and the Class*